UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____

FORMAN HOLT
365 West Passaic Street, Suite 400
Rochelle Park, NJ  07662
Telephone:  (201) 845-1000
Facsimile:  (201) 655-6650
Attorneys for Benjamin A. Stanziale, Jr., Chapter 7 Trustee
Kim R. Lynch (KL-5866)
klynch@formanlaw.com

| | |
|---|---|
| In Re:<br><br>PATERSON CAR WASH LLC,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 19-28427 (RG) |
| BENJAMIN A. STANZIALE, JR., Chapter 7 Trustee of Paterson Car Wash LLC,<br><br>                    Plaintiff,<br>v.<br><br>DAVID HERMAN,<br><br>                    Defendant. | Adv. Pro. No. |

## COMPLAINT FOR BREACH OF FIDUCIARY DUTY

Benjamin A. Stanziale, Jr., chapter 7 trustee of Paterson Car Wash, LLC (the "Debtor") and plaintiff in this action (the "Plaintiff"), through his attorneys, Forman Holt, by way of complaint against David Herman (the "Defendant") for breach of fiduciary duty, alleges the following upon information and belief:

## JURISDICTION

1.     This adversary proceeding is brought within Case No. 19-28427 (RG) now pending before this Court.

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

3.      This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 544 and N.J.S.A. §§ 34:11-56(a)4 *et seq.*

4.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

5.      Venue is proper pursuant to 28 U.S.C. § 1409(a)

## THE PARTIES

6.      The Plaintiff is the chapter 7 trustee for the Debtor's estate.

7.      The Defendant is an individual residing at 125 Cornwall Road, Glen Rock, New Jersey 07452, is the managing member of the Debtor and holds a 98% interest in the Debtor.

## BACKGROUND

8.      On September 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11, United States Code, 11 U.S.C. § 101 *et seq.*

9.      On or about that date, the Plaintiff was appointed chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity.

## THE DEBTOR'S BUSINESS OPERATIONS

10.      The Debtor is a limited liability company formed pursuant to the laws of the State of New Jersey.

11.      The Debtor operated a car wash located at 75 East 30th Street, Paterson, New Jersey (the "Premises") and employed at least twelve employees (the "Employees").

12.      The Debtor was required to pay the Employees in accordance with federal and state laws.

13.    The Debtor violated both federal and state law by willfully and recklessly engaging in actions, including, but not limited to, (a) failing to pay the Employees minimum hourly wages, (b) failing to pay the Employees overtime, (c) failing to maintain individual Employee records and (d) failing to properly issue, and withhold from, gross wages. As a result of such failure, the Employees filed proofs of claim totaling $1,150,907.24.

14.    The Debtor failed to maintain normal and customary business records, including, but not limited to, (a) records detailing the total sales on a daily, weekly or monthly basis, and (b) accounts payable and receivable journals, invoices, bills and the like from which the Debtor's business operations could be ascertained.

15.    The Debtor's business was characterized as a "gold mine", with cars lined up "down the block" for car washes.  Despite this fact, the Debtor's business was run down, the equipment old and out-of-date and the sales as stated on the Debtor's tax returns appear to be grossly understated.

16.    On the Petition Date, the Debtor shuttered its business but failed to take precautions to ensure that its assets were secure.  As a result, certain of the Debtor's assets were either damaged or stolen, resulting in a loss of not less than $25,000 to the Debtor's estate.

17.    The failure to maintain accurate records and the damage to or theft of assets significantly impaired the value of the Debtor's business.

## THE DEFENDANT'S DUTIES

18.    The Defendant owed a duty of care to the Debtor (a) in the conduct and winding up of the Debtor's activities, (b) to be informed as to the Debtor's business operations, and (c) to exercise appropriate judgment.

19.    The Defendant owed a duty of care to the Debtor to refrain from engaging in

grossly negligent conduct, reckless conduct and a knowing or willful violation of the law.

20.    The Defendant was required to discharge his duty in good faith and with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions.

21.    The Defendant had a duty to ensure that the Debtor complied with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (the "FLSA"), which requires the Debtor to (a) pay the Employees a minimum hourly wage of $7.25, (b) pay the Employees time and one-half for all hours worked in excess of forty hours, and (c) maintain, among other things, accounts of total weekly hours, regular hourly wage rates, cash additions to wages, earnings, gross wages, payroll registers or statement of earnings for each of the Employees (collectively, "Employee Records").

22.    The Defendant had a duty to ensure that the Debtor complied with the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* (the "NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.* (the "NJWPL") which requires the Debtor to (a) pay the Employees minimum hourly wages of (i) $8.25 from January 1, 2014 through December 31, 2014, (ii) $8.38 from January 1, 2015, through December 31, 2016, (iii) $8.44 from January 1, 2017 through December 31, 2017, (iv) $8.60 from January 1, 2018 through December 31, 2018, (v) $8.85 from January 1, 2019 through June 30, 2019, and (vi) $10.00 from July 1, 2019 through the Petition Date, (b) pay the Employees time and one-half for all hours worked in excess of forty hours per week, (c) maintain Employee Records and (d) properly issue, and withhold from, gross wages.

## THE DEFENDANT'S BREACHES

23.    The Defendant failed to properly oversee the Debtor's business operations.

24.     The Defendant, despite having sole oversight of the Debtor, recklessly, willfully and negligently failed to ensure that business records were properly and accurately maintained, thereby significantly impairing the value of the Debtor's business.  The Defendant never conducted independent inquiries regarding the number of car washes sold, whether cash sales were accurately reported, whether the funds were deposited into the Debtor's bank account, or whether credit card charges were accurate.

25.     The Defendant recklessly, willfully and negligently failed to take appropriate steps to preserve the Debtor's assets once the business was closed.  On the Petition Date, the Defendant telephoned one of the Employees, advised that employee of the bankruptcy filing, and instructed that employee to terminate all employees.  Thereafter, numerous pieces of equipment and other property belonging to the Debtor were either damaged or stolen, resulting in a loss of not less than $25,000 to the Debtor's estate.

26.     The Defendant's negligent, reckless, and willful neglect and defiance of the of the FLSA, the NJWHL and the NJWPL, resulted in damages to the Debtor of $1,150,907.24.

### COUNT ONE

**(Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly Negligent Violation of the FLSA, NJWHL, and NJWPL - Jose Vera)**

27.     The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

28.     From June 1, 2015 through September 26, 2019, the Debtor employed Jose Vera ("Vera") as a car wash attendant.

29.     Vera worked approximately seventy (70) hours per week.

30.     The Debtor paid Vera $10.00 per hour throughout the term of his employment regardless of the number of hours worked each day and week.

F0097885 - 1                                          5

31.     The Debtor failed to pay Vera time and one-half for all hours worked in excess of forty hours in violation of the FLSA, the NJWHL, and the NJWPL.

32.     The Debtor failed to maintain Employee Records related to Vera's employment in violation of the FLSA, the NJWHL, and the NJWPL.

33.     As a result, Vera has asserted a claim against the Debtor's estate in the amount of $109,837.92 as evidenced by Claim No. 4 filed by Vera in the Debtor's case.

34.     The Defendant, as the owner of Debtor and employer of Employees, breached his duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the NJWPL.

35.     The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay time and one-half for all hours worked in excess of forty hours was prohibited by the FLSA, the NJWHL, and the NJWPL.

36.     The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

37.     The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid Vera time and one-half for all hours worked in excess of forty hours.

38.     The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to Vera's employment.

39.     The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

40.    The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

41.    The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

42.    The Defendant failed to discharge his duty in good faith by violating the FLSA, the NJWHL, and the NJWPL.

43.    The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions by violating the FLSA, the NJWHL, and the NJWPL.

44.    The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

45.    The Debtor has been harmed to the extent of $109,837.92 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count One of the Complaint in the amount of $109,837.92; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT TWO

**(Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly
Negligent Violation of the FLSA, NJWHL, and NJWPL - Alberto Molina)**

46.    The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

47.    From June 17, 2014 through September 26, 2019, the Debtor employed Albert Molina ("A. Molina") as a salesperson.

48.    A. Molina worked approximately seventy (70) hours per week.

49.    The Debtor paid A. Molina (a) $11.00 per hour from June 17, 2014 through December 31, 2015, (b) $12.00 per hour from January 1, 2016 through December 31, 2017, and (c) $14.00 per hour from January 17, 2018 through September 26, 2019 regardless of the number of hours worked each day and week.

50.    The Debtor failed to pay A. Molina time and one-half for all hours worked in excess of forty hours in violation of the FLSA, the NJWHL, and the NJWPL.

51.    The Debtor failed to maintain Employee Records related to A. Molina's employment in violation of the FLSA, the NJWHL, and the NJWPL.

52.    As a result, A. Molina has asserted a claim against the Debtor's estate in the amount of $168,822.90 as evidenced by Claim No. 5 filed by A. Molina in the Debtor's case.

53.    The Defendant, as the owner of Debtor and employer of Employees, breached his duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the NJWPL.

54.    The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay time and one-half for all hours worked in excess of forty hours was prohibited by the FLSA, the NJWHL, and the NJWPL.

55.    The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

56.    The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid A. Molina time and one-half for all hours worked in excess of forty hours.

57.    The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to A. Molina's employment.

58.    The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

59.    The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

60.    The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

61.    The Defendant failed to discharge his duty in good faith by violating the FLSA, the NJWHL, and the NJWPL.

62.    The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions by violating the FLSA, the NJWHL, and the NJWPL.

63.    The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

64.    The Debtor has been harmed to the extent of $168,822.90 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Two of the Complaint in the amount of $168,822.90; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT THREE

**(Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly
Negligent Violation of the FLSA, NJWHL, and NJWPL - Edgar Molina)**

65.    The Plaintiff repeats each and every allegation contained in the preceding
paragraphs of this complaint as if set forth at length herein.

66.    From June 17, 2014 through September 26, 2019, the Debtor employed Edgar
Molina ("E. Molina") as a car dryer and attendant's assistant.

67.    E. Molina worked approximately forty eight and one half (48.5) hours per week.

68.    The Debtor paid E. Molina $8.00 per hour during the term of his employment
regardless of the number of hours worked each day and week.

69.    The Debtor failed to pay E. Molina the lawful minimum hourly wage in violation
of the FLSA, the NJWHL, and the NJWPL.

70.    The Debtor failed to pay E. Molina time and one-half for all hours worked in
excess of forty hours in violation of the FLSA, the NJWHL, and the NJWPL.

71.    The Debtor failed to maintain Employee Records related to E. Molina's
employment in violation of FLSA, the NJWHL, and the NJWPL.

72.    As a result, E. Molina has asserted a claim against the Debtor's estate in the amount
of $52,127.30 as evidenced by Claim No. 6 filed by E. Molina in the Debtor's case.

73.    The Defendant, as the owner of Debtor and employer of Employees, breached his
duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the
NJWPL.

74.    The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because
he knew or showed reckless disregard for whether the failure to pay the minimum hourly wage
was prohibited by the FLSA, the NJWHL, and the NJWPL.

75.     The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay time and one-half for all hours worked in excess of forty hours was prohibited by the FLSA, the NJWHL, and the NJWPL.

76.     The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

77.     The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid E. Molina the lawful minimum wage throughout his employment.

78.     The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid E. Molina time and one-half for all hours worked in excess of forty hours.

79.     The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to E. Molina's employment.

80.     The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

81.     The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

82.     The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

83.     The Defendant failed to discharge his duty in good faith by violating the FLSA, the NJWHL, and the NJWPL.

84.     The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in

like positions by violating the FLSA, the NJWHL, and the NJWPL.

85.    The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

86.    The Debtor has been harmed to the extent of $52,127.30 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Three of the Complaint in the amount of $52,127.30; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT FOUR

### (Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly Negligent Violation of the FLSA, NJWHL, and NJWPL – Exdy Urdanigo)

87.    The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

88.     From June 17, 2014 through September 26, 2019, the Debtor employed Exdy Urdanigo ("E. Urdanigo") as a car wash attendant.

89.    E. Urdanigo worked approximately sixty-three and one half (63.5) hours per week.

90.    The Debtor paid E. Urdanigo (a) $8.50 per hour from June 17, 2014 through December 31, 2015, (b) $9.00 per hour from January 1, 2016 through December 31, 2018 and (c) $10.00 per hour from January 1, 2019 through September 26, 2019 regardless of the number of hours worked each day and week.

91.    The Debtor failed to pay E. Urdanigo time and one-half for all hours worked in excess of forty hours in violation of the FLSA, the NJWHL, and the NJWPL.

92.    The Debtor failed to maintain Employee Records related to E. Urdanigo's employment in violation of the FLSA, the NJWHL, and the NJWPL.

93.    As a result, E. Urdanigo has asserted a claim against the Debtor's estate in the amount of $96,183.98 as evidenced by Claim No. 7 filed by E. Urdanigo in the Debtor's case.

94.    The Defendant, as the owner of Debtor and employer of Employees, breached his duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the NJWPL.

95.    The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay time and one-half for all hours worked in excess of forty hours was prohibited by the FLSA, the NJWHL, and the NJWPL.

96.    The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

97.    The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid E. Urdanigo time and one-half for all hours worked in excess of forty hours.

98.    The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to E. Urdanigo's employment.

99.    The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

100.    The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

101.    The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

102.    The Defendant failed to discharge his duty in good faith by violating the FLSA, the

NJWHL, and the NJWPL.

103.  The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions by violating the FLSA, the NJWHL, and the NJWPL.

104.  The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

105.  The Debtor has been harmed to the extent of $96,183.98 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Four of the Complaint in the amount of $96,183.98; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT FIVE

**(Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly Negligent Violation of the FLSA, NJWHL, and NJWPL – Kebin Urdanigo)**

106.  The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

107.  From June 17, 2014 through September 26, 2019, the Debtor employed Kebin Urdanigo ("K. Urdanigo") as a car wash attendant.

108.  K. Urdanigo worked approximately seventy (70) hours per week.

109.  The Debtor paid K. Urdanigo (a) $9.00 per hour from June 17, 2014 through December 31, 2015 and (b) $10.00 per hour from January 1, 2016 through September 26, 2019 regardless of the number of hours worked each day and week.

110.  The Debtor failed to pay K. Urdanigo time and one-half for all hours worked in excess of forty hours in violation of the FLSA, the NJWHL, and the NJWPL.

111.   The Debtor failed to maintain Employee Records related to K. Urdanigo's employment in violation of the FLSA, the NJWHL, and the NJWPL.

112.   As a result, K. Urdanigo has asserted a claim against the Debtor's estate in the amount of $132,589.25 as evidenced by Claim No. 8 filed by K. Urdanigo in the Debtor's case.

113.   The Defendant, as the owner of Debtor and employer of Employees, breached his duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the NJWPL.

114.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay time and one-half for all hours worked in excess of forty hours was prohibited by the FLSA, the NJWHL, and the NJWPL.

115.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

116.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid K. Urdanigo time and one-half for all hours worked in excess of forty hours.

117.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to K. Urdanigo's employment.

118.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

119.   The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

120.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were

reckless.

121.  The Defendant failed to discharge his duty in good faith by violating the FLSA, the NJWHL and the NJWPL.

122.  The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions by violating the FLSA, the NJWHL, and the NJWPL.

123.  The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

124.  The Debtor has been harmed to the extent of $132,589.25 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Five of the Complaint in the amount of $132,589.25; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT SIX

**(Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly Negligent Violation of the FLSA, NJWHL, and NJWPL – Jorge Lozano)**

125.  The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

126.  From June 17, 2014 through September 1, 2018, the Debtor employed Jorge Lozano ("Lozano") as a car wash attendant.

127.  Lozano worked approximately seventy (70) hours per week.

128.  The Debtor paid Lozano (a) $6.50 from June 17, 2014 through December 31, 2016 and (b) $9.00 per hour from January 1, 2017 through September 1, 2018 regardless of the number of hours worked each day and week.

129.   The Debtor failed to pay Lozano the lawful minimum hourly wage in violation of the FLSA, the NJWHL, and the NJWPL.

130.   The Debtor failed to pay Lozano time and one-half for all hours worked in excess of forty hours in violation of the FLSA, the NJWHL, and the NJWPL.

131.   The Debtor failed to maintain Employee Records related to Lozano's employment in violation of the FLSA, the NJWHL, and the NJWPL.

132.   As a result, Lozano has asserted a claim against the Debtor's estate in the amount of $127,870.23 as evidenced by Claim No. 8 filed by Lozano in the Debtor's case.

133.   The Defendant, as the owner of Debtor and employer of Employees, breached his duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the NJWPL.

134.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay the minimum hourly wage was prohibited by the FLSA, the NJWHL, and the NJWPL.

135.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay time and one-half for all hours worked in excess of forty hours was prohibited by the FLSA, the NJWHL, and the NJWPL.

136.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

137.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid Lozano the minimum hourly wage.

138.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid Lozano time and one-half for all hours worked in excess of forty hours.

139.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to Lozano's employment.

140.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

141.   The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

142.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

143.   The Defendant failed to discharge his duty in good faith by violating the FLSA, the NJWHL, and the NJWPL.

144.   The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions by violating the FLSA, the NJWHL, and the NJWPL.

145.   The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

146.   The Debtor has been harmed to the extent of $127,870.23 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Six of the Complaint in the amount of $127,870.23; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT SEVEN

**(Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly Negligent Violation of the FLSA, NJWHL, and NJWPL – Ivan Mendoza)**

147.   The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

148.   From May 1, 2016 through May 1, 2019, the Debtor employed Ivan Mendoza ("Mendoza") as a car wash attendant.

149.   Mendoza worked approximately seventy (70) hours per week.

150.   The Debtor paid Mendoza $6.86 per hour during the term of his employment regardless of the number of hours worked each day and week.

151.   The Debtor failed to pay Mendoza the lawful minimum hourly wage in violation of the FLSA, the NJWHL, and the NJWPL.

152.   The Debtor failed to pay Mendoza time and one-half for all hours worked in excess of forty hours in violation of the FLSA, the NJWHL, and the NJWPL.

153.   The Debtor failed to maintain Employee Records related to Mendoza's employment in violation of the FLSA, the NJWHL, and the NJWPL.

154.   As a result, Mendoza has asserted a claim against the Debtor's estate in the amount of $98,511.54 as evidenced by Claim No. 10 filed by Mendoza in the Debtor's case.

155.   The Defendant, as the owner of Debtor and employer of Employees, breached his duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the NJWPL.

156.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay the minimum hourly wage was prohibited by the FLSA, the NJWHL, and the NJWPL.

157.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay time and one-half for all hours worked in excess of forty hours was prohibited by the FLSA, the NJWHL, and the NJWPL.

158.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

159.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid Mendoza the minimum hourly wage.

160.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid Mendoza time and one-half for all hours worked in excess of forty hours.

161.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to Mendoza's employment.

162.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

163.   The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

164.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

165.   The Defendant failed to discharge his duty in good faith by violating the FLSA, the NJWHL, and the NJWPL.

166.   The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in

like positions by violating the FLSA, the NJWHL, and the NJWPL.

167. The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

168. The Debtor has been harmed to the extent of $98,511.54 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Seven of the Complaint in the amount of $98,511.54; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT EIGHT

### (Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly Negligent Violation of the FLSA, NJWHL, and NJWPL – Salvador Paredes)

169. The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

170. From June 17, 2014 through September 26, 2019, the Debtor employed Salvador Paredes ("Paredes") as a car wash attendant.

171. Paredes worked approximately seventy (70) hours per week.

172. The Debtor paid Paredes (a) $8.25 from June 17, 2014 through December 31, 2018 and (b) $10.00 per hour from January 1, 2019 through September 26, 2019 regardless of the number of hours worked each day and week.

173. The Debtor failed to pay Paredes the lawful minimum hourly wage in violation of the FLSA, the NJWHL, and the NJWPL.

174. The Debtor failed to pay Paredes time and one-half for all hours worked in excess of forty hours in violation of the FLSA, the NJWHL, and the NJWPL.

175.   The Debtor failed to maintain Employee Records related to Paredes's employment in violation of the FLSA, the NJWHL, and the NJWPL.

176.   As a result, Paredes has asserted a claim against the Debtor's estate in the amount of $123,100.41 as evidenced by Claim No. 11 filed in the Debtor's case.

177.   The Defendant, as the owner of Debtor and employer of Employees, breached his duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the NJWPL.

178.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay the minimum hourly wage was prohibited by the FLSA, the NJWHL, and the NJWPL.

179.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay time and one-half for all hours worked in excess of forty hours was prohibited by the FLSA, the NJWHL, and the NJWPL.

180.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

181.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid Paredes the minimum hourly wage.

182.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid Paredes time and one-half for all hours worked in excess of forty hours.

183.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to Paredes employment.

184.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

185.   The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

186.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

187.   The Defendant failed to discharge his duty in good faith by violating the FLSA, the NJWHL, and the NJWPL.

188.   The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions by violating the FLSA, the NJWHL, and the NJWPL.

189.   The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

190.   The Debtor has been harmed to the extent of $123,100.41 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Eight of the Complaint in the amount of $123,100.41; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT NINE

**(Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly Negligent Violation of the FLSA, NJWHL, and NJWPL – Jesus Zamora)**

191.   The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

F0097885 - 1                      23

192.   From June 17, 2014 through August 1, 2019, the Debtor employed Jesus Zamora ("J. Zamora") as a car wash attendant.

193.   J. Zamora worked approximately thirty (30) hours per week.

194.   The Debtor paid J. Zamora (a) $8.00 from June 17, 2014 through December 31, 2016 and (b) $9.00 per hour from January 1, 2017 through August 1, 2019 regardless of the number of hours worked each day and week.

195.   The Debtor failed to pay J. Zamora the lawful minimum hourly wage in violation of FLSA, the NJWHL, and the NJWPL.

196.   The Debtor failed to maintain Employee Records related to J. Zamora's employment in violation of the FLSA, the NJWHL, and the NJWPL.

197.   As a result, J. Zamora has asserted a claim against the Debtor's estate in the amount of $6,699.89 as evidenced by Claim No. 12 filed by J. Zamora in the Debtor's case.

198.   The Defendant, as the owner of Debtor and employer of Employees, breached his duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the NJWPL.

199.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay the minimum hourly wage was prohibited by the FLSA, the NJWHL, and the NJWPL.

200.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

201.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid J. Zamora the minimum hourly wage.

202.  The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to J. Zamora's employment.

203.  The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

204.  The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

205.  The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

206.  The Defendant failed to discharge his duty in good faith by violating the FLSA, the NJWHL, and the NJWPL.

207.  The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions by violating the FLSA, the NJWHL, and the NJWPL.

208.  The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

209.  The Debtor has been harmed to the extent of $6,699.89 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Nine of the Complaint in the amount of $6,699.89; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## <u>COUNT TEN</u>

**(Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly
Negligent Violation of the FLSA, NJWHL, and NJWPL – Yonny Zamora)**

210.  The Plaintiff repeats each and every allegation contained in the preceding
paragraphs of this complaint as if set forth at length herein.

211.  From June 17, 2014 through September 26, 2019, the Debtor employed Yonny
Zamora ("<u>Y. Zamora</u>") as a car wash attendant.

212.  Y. Zamora worked approximately thirty (30) hours per week.

213.  The Debtor paid Y. Zamora (a) $8.00 from June 17, 2014 through December 31,
2017 and (b) $9.00 per hour from January 1, 2018 through September 26, 2019 regardless of the
number of hours worked each day and week.

214.  The Debtor failed to pay Y. Zamora the lawful minimum hourly wage in violation
of the FLSA, the NJWHL, and the NJWPL.

215.  The Debtor failed to maintain Employee Records related to Y. Zamora's
employment in violation of the FLSA, the NJWHL, and the NJWPL.

216.  As a result, Y. Zamora has asserted a claim against the Debtor's estate in the
amount of $8,055.42 as evidenced by Claim No. 13 filed by Y. Zamora in the Debtor's case.

217.  The Defendant, as the owner of Debtor and employer of Employees, breached his
duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the
NJWPL.

218.  The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because
he knew or showed reckless disregard for whether the failure to pay the minimum hourly wage
was prohibited by the FLSA, the NJWHL, and the NJWPL.

219.  The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because

he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

220.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid Y. Zamora the minimum hourly wage.

221.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to Y. Zamora's employment.

222.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

223.   The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

224.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

225.   The Defendant failed to discharge his duty in good faith by violating the FLSA, the NJWHL, and the NJWPL.

226.   The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions by violating the FLSA, the NJWHL, and the NJWPL.

227.   The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

228.   The Debtor has been harmed to the extent of $8,055.42 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Ten of the Complaint in the amount of $8,055.42; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT ELEVEN

**(Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly Negligent Violation of the FLSA, NJWHL, and NJWPL - Jose Juan Montoya)**

229.  The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

230.  From June 17, 2014 through September 26, 2019, the Debtor employed Jose Juan Montoya ("Montoya") as a mechanic.

231.  Montoya worked approximately seventy (70) hours per week.

232.  The Debtor paid Montoya (a) $10.00 per hour from June 17, 2014 through December 31, 2015 and (b) $13.00 per hour from January 1, 2016 through September 26, 2019 regardless of the number of hours worked each day and week.

233.  The Debtor failed to pay Montoya time and one-half for all hours worked in excess of forty hours in violation of the FLSA, the NJWHL, and the NJWPL.

234.  The Debtor failed to maintain Employee Records related to Montoya's employment in violation of the FLSA, the NJWHL, and the NJWPL.

235.  As a result, Montoya has asserted a claim against the Debtor's estate in the amount of $109,837.92 as evidenced by Claim No. 14 filed by Montoya in the Debtor's case.

236.  The Defendant, as the owner of Debtor and employer of Employees, breached his duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the NJWPL.

237.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay time and one-half for all hours worked in excess of forty hours was prohibited by the FLSA, the NJWHL, and the NJWPL.

238.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

239.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid Montoya time and one-half for all hours worked in excess of forty hours.

240.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to Montoya's employment.

241.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

242.   The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

243.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

244.   The Defendant failed to discharge his duty in good faith by violating the FLSA and the NJWHL.

245.   The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions by violating the FLSA, the NJWHL, and the NJWPL.

246.   The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

247.   The Debtor has been harmed to the extent of $165,565.20 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Eleven of the Complaint in the amount of $165,565.20; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT TWELVE

**(Breach of Fiduciary Duty as to Defendant's Willful, Reckless and Grossly Negligent Violation of the FLSA, NJWHL, and NJWPL - Daniel Pulido)**

248.   The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

249.   From February 1, 2017 through September 26, 2019, the Debtor employed Daniel Pulido ("Pulido") as a car wash attendant.

250.   Pulido worked approximately seventy (70) hours per week.

251.   The Debtor paid Pulido $10.00 per hour during his term of employment regardless of the number of hours worked each day and week.

252.   The Debtor failed to pay Pulido the lawful minimum hourly wage in violation or the FLSA, the NJWHL, and the NJWPL.

253.   The Debtor failed to pay Pulido time and one-half for all hours worked in excess of forty hours in violation of the FLSA, the NJWHL, and the NJWPL.

254.   The Debtor failed to maintain Employee Records related to Pulido's employment during the term of Pulido's employment in violation of the FLSA, the NJWHL, and the NJWPL.

255.   As a result, Pulido has asserted a claim against the Debtor's estate in the amount of $61,543.20 as evidenced by Claim No. 15 filed by Pulido in the Debtor's case.

256.   The Defendant, as the owner of Debtor and employer of Employees, breached his duty of care to the Debtor by knowingly and willfully violating the FLSA, the NJWHL, and the NJWPL.

257.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay the minimum hourly wage was prohibited by the FLSA.

258.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to pay time and one-half for all hours worked in excess of forty hours was prohibited by the FLSA, the NJWHL, and the NJWPL.

259.   The Defendant willfully violated the FLSA, the NJWHL, and the NJWPL because he knew or showed reckless disregard for whether the failure to maintain Employee Records was prohibited by the FLSA, the NJWHL, and the NJWPL.

260.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor paid Pulido time and one-half for all hours worked in excess of forty hours.

261.   The Defendant breached his fiduciary duty of care by failing to ensure that the Debtor maintained Employee Records related to Pulido's employment.

262.   The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were willful.

263.   The Defendant's actions in violating the FLSA, the NJWHL and the NJWPL were grossly negligent.

264.  The Defendant's actions in violating the FLSA, the NJWHL, and the NJWPL were reckless.

265.  The Defendant failed to discharge his duty in good faith by violating the FLSA, the NJWHL, and the NJWPL.

266.  The Defendant failed to discharge his duties with that degree of diligence, care and skill under which ordinarily prudent people would exercise under similar circumstances and in like positions by violating the FLSA, the NJWHL, and the NJWPL.

267.  The Defendant's actions and failure to act were the direct cause of harm to the Debtor.

268.  The Debtor has been harmed to the extent of $61,543.20 due to the Defendant's breach of his duty of care.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Twelve of the Complaint in the amount of $61,543.20; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## COUNT THIRTEEN

### (Negligence)

269.  The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

270.  The Defendant breached his fiduciary duty of care by failing to properly manage the Debtor's operations and by failing to become and remain informed as to the Debtor's business operations as a reasonable owner and employer would.

271.  The Defendant breached his fiduciary duty by failing to exercise appropriate judgment related to the operation of the Debtor's business as a reasonable owner and employer would.

272.  The Defendant breached his fiduciary duty of care by failing to properly secure the Debtor's premises, as a reasonable owner and employer would, resulting in a loss of approximately $25,000 of value to the Debtor.

273.  The Defendant failed to properly manage the Debtor's business by failing to comply with the FLSA, the NJWHL, and the NJWPL, as a reasonable owner and employer would, resulting in damages of approximately $1,150,907.24.

274.  The Defendants' actions and failure to act were the direct cause of harm to the Debtor.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Thirteen in the amount of $1,175,907.24; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

## <u>COUNT FOURTEEN</u>

### (Joint and Several Liability and Indemnification as to Violations of the FLSA, the NJWHL and the NJWPL)

275.  The Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

276.  The Defendant, as the managing member of the Debtor and the employer of the Employees, is personally liable for unpaid wages under the FLSA and NJWPL because he had and did exercise the ultimate authority and control over significant aspects of the Debtor's day-to-day functions, including compensation of employees, and intentionally abused such authority and control.

277.  Under the FLSA and the NJWHL, the Defendant is jointly and severally liable with the Debtor to the extent the Debtor is found liable for violations of the FLSA, the NJWHL and the NJWPL.

278.  The Plaintiff is entitled to indemnification from the Defendant for damages related to the Debtor's violations of the FLSA, the NJWHL and the NJWPL.

WHEREFORE, the Plaintiff demands judgment against the Defendant under Count Fourteen in the amount of $1,150,907.24; (b) for attorneys' fees and cost of suit; and (c) for such other relief as is just and proper.

FORMAN HOLT
Attorneys for Plaintiff


By:   */s/ Kim R. Lynch*
      Kim R. Lynch

Dated:  September 22, 2020